**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1465**

CLASSIE REELS CURLEY,

Plaintiff - Appellant,

v.

ADAMS CREEK ASSOCIATES; BILLIE DEAN BROWN, As General
Partner for Adams Creek Associates; GEORGE H. ELLINWOOD,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.   Malcolm J. Howard,
Senior District Judge.  (4:08-cv-00021-H)

Submitted:  December 6, 2010          Decided:  January 28, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry S. Height, LAW OFFICE OF LARRY S. HEIGHT, Raleigh, North
Carolina, for Appellant.   L. Lamar Armstrong, Jr., ARMSTRONG &
ARMSTRONG, P.A., Smithfield, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Classie Reels Curley appeals the district court's order dismissing her claims to quiet title on a parcel of waterfront property in North Carolina and granting summary judgment in favor of Appellee Adams Creek Associates ("Adams Creek") on Curley's claim that she is the owner of the property through adverse possession. The district court dismissed Curley's first two claims for lack of subject matter jurisdiction and concluded that with respect to her adverse possession claim, she had not satisfied the elements pursuant to North Carolina law. We affirm.

I.    Jurisdiction

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Generally, when ruling on a Rule 12(b)(6) motion, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

2

The Rooker-Feldman[*] abstention doctrine establishes that a federal district court lacks jurisdiction over a litigant's challenge to a state court decision, including allegations that the state court's action was unconstitutional. See Feldman, 460 U.S. at 476, 482-83 & n.16; Rooker, 263 U.S. at 415-16. This jurisdictional bar includes claims that are "inextricably intertwined" with a state court judgment and precludes a district court from reviewing decisions of any level of state court. Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997) (internal quotation marks omitted).

The doctrine disallows a federal court from reviewing not only claims actually presented to a state court, but also constitutional claims that derive from the state court judgment, "as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (internal quotation marks omitted). Thus, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

---

[*] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Curley asked the district court to invalidate a proceeding brought to register a parcel of disputed property pursuant to North Carolina's Torrens Act, N.C. Gen. Stat. Ann. § 43-1, et seq. (West 2009). She claimed that both the Torrens Act and her due process rights were violated when the court proceeded to dispose of the property without notice to her. After reviewing the record, we conclude that Curley's claims fall squarely within the ambit of the Rooker-Feldman doctrine, as she is "seeking what in substance would be appellate review of the state judgment." See De Grandy, 512 U.S. at 1005-06.

II. Adverse Possession

Curley next claims error in the district court's decision granting summary judgment to Adams Creek on her adverse possession claim. We review a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. Hooven-Lewis v.

4

Caldera, 249 F.3d 259, 265 (4th Cir. 2001). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Again, we have reviewed the record and conclude the district court committed no error. Curley only makes vague, unsubstantiated, and self-serving allegations that she has possessed the property continuously for the prescriptive period. The record is clear that she lives in Pennsylvania, and has done so for many years. Her claims that she attends reunions at the disputed property and allows her nephews to live there as tenants at will lack support in the record, even if they were legally sufficient to satisfy North Carolina's elements of adverse possession.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED